# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

REUBEN R. McINTYRE,  )
    Plaintiff,  )
v.  ) Case No. CV405-84
GLENN RICH, Warden,  )
    Defendant.  )

## REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 7. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

## I. BACKGROUND

Petitioner was indicted by a Tattnall county grand jury on May 29, 1991 for sale of cocaine and as a recidivist. Resp. Exh. 2 at pp. 87-89. At trial, a jury found petitioner guilty of selling cocaine and he was sentenced

to life imprisonment. Id. at p. 90. The conviction and sentence were affirmed on appeal. McIntyre v. State, No. A93A0884 (Ga. App. Nov. 3, 1993) (unpublished).

Petitioner filed a state habeas corpus petition on October 1, 2002, in Tattnall County alleging seven grounds for relief. Resp. Exh. 1. After holding an evidentiary hearing on December 12, 2002, the state habeas court denied the relief sought on October 22, 2003. Resp. Exh. 3. The Georgia Supreme Court denied petitioner's application for certificate of probable cause to appeal the denial of state habeas corpus relief on September 15, 2004. Resp. Exh. 4.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on May 19, 2005. Doc. 1. Respondent moves to dismiss the petition as untimely under § 2244(d). Doc 7. Petitioner did not file a response to respondent's motion to dismiss.

## II. ANALYSIS

Habeas corpus petitions filed by state prisoners must be filed within the one-year statute of limitations period under 28 U.S.C. § 2244, as

amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] The one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). For prisoners whose state convictions became final prior to the effective date of the AEDPA, the Eleventh Circuit has held that the one-year statute of limitations began to run on the date the AEDPA went into

---

[1] Section 2244(d), which is applicable to state prisoners' § 2254 petitions, provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

effect. <u>Wilcox v. Florida Dep't of Corr.</u>, 158 F.3d 1209, 1211 (11th Cir. 1998) (regarding state prisoners); <u>Goodman v. United States</u>, 151 F.3d 1335, 1336 (11th Cir. 1998) (regarding federal prisoners). Thus, prisoners whose state convictions occurred prior to April 24, 1996, which is the effective date of the AEDPA, must have filed a habeas corpus petition prior to April 23, 1997 to avoid having the petition barred by the new one-year statute of limitations. See <u>Wilcox</u>, 158 F.3d at 1211.

The one-year statute of limitations set forth in § 2244 is tolled when a state prisoner properly files an application for post-conviction or collateral review with the state. 28 U.S.C. § 2244(d)(2); <u>see also</u> <u>Ford v. Moore</u>, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). However, a state habeas petition filed after the one-year AEDPA statute of limitations expires cannot toll the statute of limitations because there is then no time left to toll. See <u>Webster v. Moore</u>, 199 F.3d 1256 (11th Cir. 2000) (state prisoner arguing new state law allowing habeas petition tolled statute of limitations dismissed because state habeas petition must be "pending" in order to toll).

Petitioner's state conviction became final before April 24, 1996, when his conviction was affirmed on appeal and petitioner could not seek further appellate review because the time for doing so had expired.[2] As this finality occurred prior to the effective date of the AEDPA, the statute of limitations for a § 2254 habeas corpus petition began to run on April 24, 1996 and ended April 23, 1997. Petitioner's state habeas petition could not operate to toll the one-year § 2254 statute of limitations because the state petition was filed on October 1, 2002, when there was no time left to toll. As the statute of limitations for petitioner's federal habeas petition expired on April 23, 1997, his state petition was filed 1,987 days too late to toll the § 2244 statute of limitations. Likewise, petitioner's instant habeas petition was filed 2,948 days after the statute of limitations ran. Petitioner's § 2254 habeas corpus petition is clearly untimely.

---

[2]There is no indication that any of the scenarios contained in § 2244(d)(1)(B)-(D) apply in this case. Therefore, § 2244(d)(1)(A) governs the date on which the statute of limitations period started to run.

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition should be DISMISSED.

SO REPORTED AND RECOMMENDED this 17TH day of August, 2005.

```
_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```

# United States District Court
## Southern District of Georgia

Reuben R. McIntyre )

vs ) CASE NUMBER CV405-84

Glenn Rich, Warden ) DIVISION Savannah

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 8/17/05 , which is part of the official record of this case.

Date of Mailing: 8/27/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Reuben R. McIntyre GDC186665 Rogers Stated Prison 1978 GA Highway 147 Reidsville, GA 30453
Chad Eric Jacobs 40 Capitol Square, SW Atlanta, GA 30334

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate